UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY BONOMO, ET AL.                        CIVIL ACTION

VERSUS                                      NO. 06-9048

STATE FARM INSURANCE COMPANY, ET AL.        SECTION "R"(1)

### ORDER AND REASONS

Before the Court is the motion of plaintiffs, Terry and Alice Bonomo, to remand this action to state court. For the following reasons, the Court DENIES plaintiffs' motion.

I.  BACKGROUND

Plaintiffs sued State Farm Insurance Company, their homeowner's insurer, and their insurance agent, Robert L. Eisenbraun, in Louisiana state court on claims relating to their insurance coverage. State Farm's citizenship is diverse from plaintiffs, but Eisenbraun, like plaintiffs, is a citizen of Louisiana. The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332. *See McLaughlin v. Mississippi Power Co.,* 376 F.3d

344, 353 (5th Cir. 2004). State Farm removed this case to federal court on the ground that federal diversity jurisdiction exists because the nondiverse insurance agent was joined improperly. Because the Court finds that it has jurisdiction over the case on this basis, the Court need not address State Farm's alternative theories as to why federal jurisdiction is appropriate in this matter.

## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id*. (*quoting* La. Civ. Code art. 1*)*. In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id*. (*quoting*

*Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. §

1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C. Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id*.  Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1]  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant.  *Id*. at 462-63.  The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter &*

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

*Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

State Farm asserts that there is no arguably reasonable basis to predict that a Louisiana court would hold plaintiffs' insurance agent liable, so that his citizenship should be disregarded in the Court's jurisdictional analysis.  State Farm

posits that plaintiffs have not stated a claim against this defendant.  The Court finds that defendant has established improper joinder as to defendant Eisenbraun.

Plaintiffs assert that the flood policy and homeowner's policy that Eisenbraun procured for their property had significantly different policy limits, resulting in an "underinsurance issue."  (R. Doc. 1-3, at 3).  Plaintiffs therefore contend that Eisenbraun was negligent in failing to disclose the existence of this alleged disparity between the limits on their flood policy and homeowner's policy.  (*Id.*). Plaintiffs' petition fails to state a claim under Louisiana law. Insurance agents in Louisiana have a duty to use reasonable diligence in attempting to place the insurance requested.  *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973).  Louisiana also recognizes actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation.  *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005).  Here, plaintiffs do not allege that Eisenbraun failed to procure requested coverage or that

Eisenbraun made any misrepresentations in connection with his procurement of plaintiffs' insurance policies.  Moreover, plaintiffs do not cite, and the Court does not find, any case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured.

The Court therefore finds that, since plaintiffs fail to state a claim under Louisiana law, there is no reasonable possibility of recovery against Eisenbraun.  Joinder is thus improper, and the Court has diversity jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, this 23rd day of February, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE